UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS JR,

        Plaintiff,

v.

DONALD R HOLBROOK,

        Defendants.

Case No. C20-5270-RBL-TLF

ORDER OF TRANSFER

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge Theresa L. Fricke. Plaintiff John Robert Demos, Jr., proceeds *pro se* in this civil rights action. *See* Dkt. 1. The Court has reviewed plaintiff's proposed complaint and finds the proper venue for this case is the Eastern District of Washington. Therefore, the Court orders this case be transferred to the Eastern District of Washington.

**I.    Background**

In the proposed complaint, plaintiff, who is housed at Washington State Penitentiary (WSP), alleges constitutional violations related to his conditions of confinement at the prison. Dkt. 1. Specifically, he alleges defendant Donald Holbrook "is not properly testing inmates under his jurisdiction who could be 'sleepers' and potential carriers of the Coronovirus-19 [sic] disease." *Id.* He alleges defendant Holbrook is not properly or adequately testing his staff who interact daily with plaintiff and other inmates

and failing to adequately treat the seven inmates at WSP who have been diagnosed as "carriers of the Coronovirus-19 [sic]." *Id.* Plaintiff further alleges that the lack of "social distancing" in the WSP visiting room, on medical call-outs, classification and parole board meetings, and the prison law library, places him in danger. *Id.*

Plaintiff also names "Jane Doe" the "Indeterminate Sentence Review Board Chairperson" as a defendant but offers only the vague, conclusory allegation that she has "deliberately sabotaged all truthful information about the spread of Coronavirus19 within DOC's ranks." *Id.* Plaintiff does not explain what he means by this or what specific actions this unnamed individual has allegedly taken and how those actions violated plaintiff's rights.

The Court has not granted plaintiff *in forma pauperis* ("IFP") status, nor has the Court ordered the Clerk's Office to attempt service of process. No defendant has appeared in this action.

**II.    Discussion**

Venue may be raised by the court *sua sponte* where the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not based solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b). When a case is filed in the wrong district, the district court has the

discretion to either dismiss the case or transfer it "in the interest of justice." *See* 28 U.S.C. § 1406(a).

Here, it is clear from plaintiff's proposed complaint that the vast majority, if not all, of the events or omissions giving rise to plaintiff's claims transpired at WSP. Dkt. 1-1. WSP is located in Walla Walla County, Washington, which is in the Eastern District of Washington. *See* 28 U.S.C. § 128(a). Further, it appears the only defendant properly identified by name, and against whom any specific allegations are made, is WSP Superintendent Donald Holbrook, who resides in the Eastern District of Washington. *See* Dkt. 1-1.[1] Furthermore, it is clear that the gravamen of plaintiff's claims is that COVID19 is not being properly managed at WSP and thus it appears the vast majority, if not all, of the acts giving rise to plaintiff's claims transpired at WSP. Based on the foregoing, it appears that venue is proper in the United States District Court for the Eastern District of Washington, not in this Court. *See* 28 U.S.C. § 1391(b).

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Plaintiff is a *pro se* prisoner. *See* Dkt. 1. At this time, the Court does not find the proposed complaint is meritless. Further, dismissing the case and directing plaintiff to refile in the Eastern District of Washington would cause unnecessary delay. Therefore, the Court finds transferring, rather than dismissing, this case is appropriate.

---

[1] The Court notes that plaintiff also names "Jane Doe" the "Indeterminate Sentence Review Board Chairperson" as a defendant but does not identify that individual by name and his allegations against her, are too vague, conclusory, and confusing to proceed. Dkt. 1.

Accordingly, this case is hereby **TRANSFERRED** to the United States District Court for the Eastern District of Washington. The Clerk is directed to take the steps necessary to transfer this case.[2] In light of the transfer, the Court defers to the Eastern District of Washington with respect to plaintiff's Application to Proceed *In Forma Pauperis* (IFP) (Dkt. 1-1).

Dated this 8th day of April, 2020.

Theresa L. Fricke
United States Magistrate Judge

---

[2] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (S.D. Cal., Mar. 29, 2013).

ORDER OF TRANSFER - 4